```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MAURICE THOMAS,

                    Plaintiff,            MEMORANDUM & ORDER
                                          23-CV-7912(EK)(SIL)

         -against-

SHERIFF ERROL D. TOULON, JR.,
CORRECTIONS OFFICER 1887, NURSE
RONICA, and NURSE ANNALISE,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiff Maurice Thomas, currently incarcerated at Yaphank Correctional Facility in Suffolk County, filed this *pro se* action pursuant to 42 U.S.C. § 1983.  *See* Compl., ECF No. 1.[1] Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).  *See* ECF No. 2.  The complaint is dismissed as to Sheriff Errol D. Toulon, Jr., but shall proceed as to the remaining defendants once they are identified.

## Background

        Plaintiff alleges that while incarcerated at Yaphank Correctional Facility, he was denied medical care between May and August 2023 by an unnamed correction officer and two nurses employed at Yaphank (identified by first names only).  Compl. at

---

[1] The Court notes that the complaint is dated August 25, 2023, but it was received by the Clerk of the Court on October 10, 2023.

3, 5, 13-17.[2]  Plaintiff attached four "Inmate Grievance Form[s]" to his complaint along with a copy of his "Notice of Intention to File a Claim," as filed against Suffolk County in state court.  *Id.* at 7-12.  He seeks $5 million in damages.  *Id.* at 6.

### Standard of Review

At the pleading stage, the court assumes the truth of "all well-pleaded, nonconclusory factual allegations in the complaint."  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).[3]  When a plaintiff proceeds *pro se*, a court construes the complaint with "special solicitude" and interprets it to raise the "strongest arguments that it suggest[s]."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Thus, he must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 855 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[2] The Court refers to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

(2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When an incarcerated person files a civil suit seeking redress from government officers or employees, the district court must "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A district court is similarly obligated to dismiss any case brought *in forma pauperis* if the court determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### Discussion

**A. Sheriff Toulon**

As a prerequisite to an award of damages under Section 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. *Spavone v. N.Y. Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013). Here, the plaintiff fails to make any factual allegations

whatsoever against Sheriff Toulon, apart from naming him as a defendant. A Section 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997).

To the extent plaintiff names Sheriff Toulon in his supervisory capacity, his claim also fails. Because "vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (per curiam) (a "mere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a 1983 claim").

Plaintiff's claims against Sheriff Toulon are therefore dismissed, without prejudice.

**B. Identifying Remaining Defendants**

At this juncture, plaintiff may proceed on his claims against the remaining defendants for the injuries to his right hand. However, the United States Marshals Service may not be able to serve the individuals identified as Correction Officer

#1887, Nurse Ronica and Nurse Annalise, all employed at Yaphank Correctional Facility, without further identifying information.

Accordingly, the court hereby directs the Suffolk County Attorney to ascertain the full names of these defendants. "[W]hen a [*pro se*] party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) (*per curiam*). The County Attorney should also endeavor to provide the work address where each defendant can currently be served. The information should be provided to the court within 45 days from the date of this Order. Once these defendants have been identified, plaintiff's complaint shall be deemed amended to reflect the full names of the remaining defendants, a summons shall issue, and the Court shall direct service by the United States Marshals Service on these defendants without prepayment of fees.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice as to Sheriff Toulon for failure to state a claim. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The plaintiff may file a motion for leave to amend his complaint as to Sheriff Toulon. *See* Fed. R. Civ. P. 15 (a plaintiff may only amend its complaint with the courts leave past 21 days after

serving it).  Any proposed amended complaint must include sufficient factual allegations of Sheriff Toulon's **personal involvement** in the alleged constitutional deprivation to meet the standard set out in this Order.  **Plaintiff is advised that an amended complaint replaces the current complaint in its entirety, and therefore must include all claims and factual allegations against all defendants.**

The case shall proceed as to the remaining defendants once identified by the Suffolk County Attorney as set forth above.

The case is referred to the Honorable Steven I. Locke, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiff and also to the Suffolk County Attorney, and to note the mailing on the docket.

SO ORDERED.

                                              /s/ Eric Komitee  
                                              ERIC KOMITEE  
                                              United States District Judge

Dated:    February 2, 2024  
             Brooklyn, New York